**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LISA L. GEHRINGER,

Plaintiff - Appellant,

v.

CAROLYN W. COLVIN,

Defendant - Appellee.

No. 14-16170

D.C. No. 2:13-cv-00317-SRB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted June 8, 2016[**]

Before:     PREGERSON, LEAVY, and OWENS, Circuit Judges.

Lisa L. Gehringer appeals the district court's order affirming the

Commissioner of Social Security's denial of her application for disability

insurance benefits under Title II of the Social Security Act. At step five of the

sequential evaluation process, the administrative law judge (ALJ) determined that

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Gehringer could perform jobs that exist in significant numbers in the national economy. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and we reverse and remand.

The ALJ erred in giving little or some weight to the contradicted opinions of treating primary care physician Dr. Thomas Fiel, treating rheumatologist Dr. Joseph Habros, treating physician Dr. Philip Zinni, treating psychiatrist Dr. Lauro Amezcua-Patino, and treating counselor Lisa Gratton. The ALJ failed to provide specific and legitimate reasons, supported by substantial evidence, for partially rejecting these opinions. *See Valentine v. Comm'r Soc. Sec Admin.*, 574 F.3d 685, 692 (9th Cir. 2009). The ALJ's proffered reasons for rejecting these opinions were unsupported by the law or unsupported by the record. *See Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (stating that the ALJ must set forth his own interpretations and explain why they, rather than the treating sources', are correct); *Ghanim v. Colvin*, 763 F.3d 1154, 1161-62 (9th Cir. 2014) (explaining that notes indicating improvement or temporary cessation of symptoms must be read in context of the overall diagnostic procedure and do not preclude a finding of disability).

The ALJ also erred by failing to (1) provide clear and convincing reasons for rejecting the credibility of Gehringer's statements regarding her symptoms, and (2)

identify which facts in the record supported the rejecting of her symptom testimony. *See Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) ("The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion."); *see also Brown-Hunter v. Colvin*, 806 F.3d 487, 493-95 (9th Cir. 2015) (explaining that an ALJ's provision of a summary of the medical evidence supporting her RFC finding is not the "sort of explanation or kind of specific reasons" that are necessary for this Court to review the ALJ's decision).

The ALJ erred in concluding that the testimony of Laura LaStrange did not include additional limitations where LaStrange reported that Gehringer had limitations that were inconsistent with an RFC to perform the full range of light work. *See Molina*, 674 F.3d at 1114 (explaining that the ALJ must give reasons that are germane to each witness to discount competent lay witness testimony).

Although the ALJ's reasoning lacks the requisite specificity and clarity, it is not clear from the administrative record that the ALJ would be required to award benefits if Gehringer's symptom testimony were credited and the treating sources' opinions were re-evaluated in light of the relevant factors. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) ("Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an

award of benefits is inappropriate.").  Accordingly, we remand for further proceedings.

Each party shall bear its own costs on appeal.

**REVERSED and REMANDED.**